FILED'06 DEC 08 14:18 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANETH BEAL,

Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

Defendant.

Civ. No. 05-1691-AA

OPINION AND ORDER

Kathleen R. Dent
Jenna L. Mooney
Davis Wright Tremaine
1300 S.W. Fifth Ave., Suite 2300
Portland, OR 97201

Binder and Binder
215 Park Avenue South, 6th Floor
New York, NY 10003
Attorneys for plaintiff

Karen Immergut
United States Attorney
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

David J. Burdett
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
        Attorneys for defendant

AIKEN, Judge:

Plaintiff Janeth Beal brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g), to obtain judicial review of the Commissioner's decision denying her applications for disability insurance benefits (DIB) Title II of the Act.  The Commissioner's decision is reversed and remanded for an award of benefits.

BACKGROUND

On November 3, 2002, plaintiff filed an application for DIB. Tr. 55-57.  Her application was denied initially and on reconsideration.  Tr. 29-32, 34-36.  After timely requesting a hearing, plaintiff and a vocational expert appeared and testified before an administrative law judge (ALJ) on November 30, 2004.  Tr. 215-241.  On December 17, 2004, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act.  Tr. 19-26. On August 31, 2005, the Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final agency decision. Tr. 4-6.  Plaintiff now seeks judicial review.

Plaintiff was fifty-seven years old at the time of the administrative hearing, with a high-school education and past relevant work experience as an administrative assistant, customer service representative, officer manager, and a grocery packager. Tr. 20, 220-223.  Plaintiff alleges disability since September 27, 2002 due to degenerative disc disease, fibromyalgia, arthritis, and

depression. Tr. 20, 228, 236-37.

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards, and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner]'s conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). While questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, Waters v. Gardener, 452 F.2d 855, 858 n.7 (9th Cir. 1971), any negative credibility findings must be supported by findings on the record and supported by substantial evidence. Cequerra v. Sec'y of Health & Human Servs., 933 F.2d 735, 738 (9th Cir. 1991).

COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Commissioner employs a five-step sequential process to determine whether a person is disabled under the Act. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. At step one, the ALJ found that plaintiff had not performed "substantial gainful activity" during the period of alleged disability. Tr. 21; 20 C.F.R. § 404.1520(b).

At step two, the ALJ found that plaintiff has "medically severe impairments" related to degenerative disc disease, but that her fibromyalgia, irritable bowel syndrome, hypertension, and depression were not legally severe. Tr. 21-22. At step three, the ALJ found that plaintiff's medically severe impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Tr. 23; 20 C.F.R. § 404.1520(c) and (d). Therefore, the inquiry proceeded to step four.

At step four, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform a limited range of light work, with only occasional kneeling, stooping, crouching or crawling. Tr. 24. Based on this RFC assessment and the testimony of the vocational expert, the ALJ found that plaintiff was able to perform her past relevant work as an administrative assistant or office manager. Tr. 24-25; 20 C.F.R. § 404.1520(e). Therefore, the ALJ did not proceed to step five.

DISCUSSION

Plaintiff argues that the ALJ erred in finding that her depression is not a several mental impairment. Plaintiff also

contends that the ALJ erred by rejecting the opinion of Dr. Richardson, a treating physician, and by finding plaintiff's complaints not credible.

A. Step Two Determination

Plaintiff argues that the ALJ erred in finding that her depression was not a severe medical impairment at step two. "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks and citations omitted). In other words, a severe impairment must have more than a minimal effect on the claimant's ability to perform work activities.

In this case, the ALJ found that plaintiff's depression was not severe, because plaintiff "stated the reason she is not able to work is due to pain, rather than depression." Tr. 22. However, plaintiff's treating physician repeatedly and consistently diagnosed plaintiff with chronic and recurrent depression and noted changes in her demeanor due to depressive symptoms. Tr. 128-32, 134, 139-40, 142, 146, 202, 208. Further, plaintiff testified that she cries a lot, has trouble keeping herself presentable, and has difficulty with basic hygiene at times. Tr. 236-37. Finally, an examining physician opined that plaintiff's complaints "certainly have some psychosocial basis," thus implicating a mental limitation. Tr. 194.

An ALJ in social security cases has a duty to fully and fairly develop the record to assure that the claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir.

2001). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" Id. (quoting Smolen, 80 F.3d at, 1288. Here, I find that the evidence of record, at a minimum, is ambiguous as to whether plaintiff suffers from a severe mental impairment. Therefore, I find that the ALJ's findings at step two are not supported by substantial evidence in the record.

B. Opinion of Treating Physician

Plaintiff next argues that the ALJ erred in rejecting the opinion of Dr. Richardson, plaintiff's treating physician. Dr. Richardson diagnosed plaintiff with degenerative disc disease, fibromyalgia, and depression and opined that plaintiff's limitations allowed her to perform only two to four hours of sedentary work per day. Tr. 128.

It is well-established that an ALJ may reject the uncontradicted opinion of a treating or examining physician by providing clear and convincing reasons supported by substantial evidence in the record. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion with specific and legitimate reasons. Id.

Here, the ALJ disregarded Dr. Richardson's opinion, noting that his diagnosis of fibromyalgia was not supported by objective evidence in the record and contradicted by the findings of Dr. Radecki, an examining physician. With respect to Dr. Richardson's opinion in general, the ALJ found that it was based on plaintiff's subjective complaints and not supported by acceptable clinical or

diagnostic studies. However, in addition to fibromyalgia, Dr. Richardson diagnosed plaintiff with degenerative disc disease, and the ALJ found that to be a medically severe impairment. Dr. Robinson has treated plaintiff since 1991 and submitted numerous reports reflecting various medical testing and examinations of plaintiff. Given this medical evidence, it is unclear what type of clinical or diagnostic testing the ALJ deemed necessary to support Dr. Robinson's opinion regarding the nature of plaintiff's pain.

Further, while the ALJ noted that Dr. Robinson's opinion conflicted with that of Dr. Radecki and the state DDS reviewing physicians, the ALJ failed to explain why these opinions were entitled to controlling weight. See Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001). Therefore, I find that the ALJ did not provide legally sufficient reasons to disregard the opinion of Dr. Robinson.

C. Credibility Finding

Plaintiff next argues that the ALJ erred in finding her complaints not credible. Plaintiff testified that she experiences lower back pain that radiates to her buttocks every day, and that prolonged sitting, standing, or walking increases the severity of the pain. Tr. 228-29. Plaintiff testifies that she typically sits four or five hours out of eight, although she must get up and walk around periodically. Tr. 229. Plaintiff further testified that she stands or walks one to two hours out of eight. Tr. 229. Plaintiff also testified that she occasionally grocery shops and that she sews two to three hours per day and works on the computer one hour per day.

When objective medical evidence supports the nature of the

symptoms alleged and no evidence of malingering is found, the ALJ may reject a plaintiff's testimony regarding the severity of symptoms by identifying clear and convincing reasons supported by substantial evidence in the record. Smolen, 80 F.3d at 1283-84 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). However, the ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings. Id.; Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir. 1991).

In determining a claimant's credibility the Commissioner may consider:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

Smolen, 80 F.3d at 1284.

Here, the ALJ found that plaintiff's testimony was "generally credible," "but not to the extent her impairments preclude her from engaging in all basic work activities." Tr. 23. The ALJ noted that plaintiff's complaints were not supported by the medical evidence of record, that she described daily activities inconsistent with her complaints, and that she presented a "generally unpersuasive appearance and demeanor while testifying at the hearing." Tr. 23. The ALJ suggested that plaintiff was seeking benefits due to a need for money rather than because of disability. Tr. 23.

I find that the ALJ did not give legally sufficient reasons to discount plaintiff's complaints. The ALJ found that plaintiff has

degenerative disc disease, a medically determinable impairment that could cause the type of pain alleged. Therefore, the ALJ cannot rely on a lack of objective evidence to disregard the severity of plaintiff's pain, and the ALJ cited no inconsistent medical evidence. Further, plaintiff's described sewing and computer activities are consistent with her testimony that she can sit up to four hours per day with occasional breaks. Finally, I find neither clear nor convincing the stated reasons of plaintiff's appearance and need for money. For these reasons, the ALJ's credibility finding is not supported by substantial evidence in the record.

D. Remand

The final question is whether the case should be remanded for further proceedings or an award of benefits.

"The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985)). Remand is appropriate where further proceedings would resolve defects in the administrative proceedings. However, where new proceedings would simply serve to delay the receipt of benefits and would not add to the existing findings, an award of benefits is appropriate. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

The Ninth Circuit has posited the following test for determining when an award of benefits is warranted:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting Smolen, 80 F.3d at 1292). In this case, I find that all three factors are met, and that a remand for further proceedings would simply serve to delay the receipt of benefits.

Here, the ALJ failed to provide legally sufficient reasons to reject Dr. Richardson's opinion and plaintiff's subjective complaints. Further, at the administrative hearing, the vocational expert testified that a person limited to sitting a maximum four hours per day - the restriction noted by Dr. Richardson - would be unable to perform sustained, full-time work activity. Tr. 240. Therefore, even though plaintiff's mental limitations remain unresolved, I find that the record establishes disability under the Act.

CONCLUSION

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is not supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is REVERSED and REMANDED for an award of benefits.

IT IS SO ORDERED.

Dated this 5 day of December, 2006.

Ann Aiken
Ann Aiken
United States District Judge